UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SEBASTIAN CUEVAS | CIVIL ACTION |
| VERSUS | NO. 21-735 |
| SHERIFF, PLAQUEMINES PARISH DETENTION CENTER, ET AL. | SECTION: "M"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, Sebastian Cuevas, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Louisiana. In this lawsuit, he asserted a variety of claims based on incidents at three different penal facilities. The claims based on incidents which occurred at the Plaquemines Parish Correctional Center, which is located within this judicial district, were subsequently severed and transferred to this Court.[1]

On April 13, 2021, this Court issued an order scheduling a Spears hearing[2] in this matter for May 18, 2021, and directing the Warden of the Raymond Laborde Correctional Center ("RLCC"), plaintiff's address of record, to have plaintiff made available by telephone for that hearing.[3] However, on April 20, 2021, an official from RLCC notified the Court that the Warden could not comply with that order because plaintiff was no longer incarcerated at that facility. Therefore, the Spears hearing was canceled, and the Court ordered plaintiff to notify the Clerk in Court in writing of his current address on or before May 28, 2021.[4] To date, no change of address has been filed, and plaintiff's current whereabouts are unknown.

---

[1] Rec. Doc. 15.
[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).
[3] Rec. Doc. 17.
[4] Rec. Doc. 18.

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. It is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, or my failure to do so may result in this complaint being dismissed."[5]

Additionally, this Court's Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at RLCC, his address of record, was returned by the United States Postal Service as undeliverable.[6]

In light of the foregoing, it is appropriate to dismiss plaintiff's claims before this Court for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[5] Rec. Doc. 1, p. 3.
[6] Rec. Doc. 19. Subsequent mail to plaintiff at that address was also returned as undeliverable. Rec. Doc. 20.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  Here, plaintiff has failed to provide the Court with his current address despite being aware of his obligation to do so, and mail sent to him at his address of record has been returned as undeliverable.  Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to contact him to schedule a Spears hearing or to otherwise advance his case on the docket.  Accordingly, dismissal for failure to prosecute is appropriate.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims before this Court be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___1st___ day of June, 2021.

*/s/ Janis van Meerveld*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**